**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

*U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office
2:35 P.M.
August 14, 2006
/s/ B. Rowe
Deputy Clerk*

| | | |
|---|---|---|
| SOUTHEAST LANDCO, LLC, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| 150 BEACHVIEW HOLDINGS, LLC, | : | |
| Defendant. | : | NO. CV206-177 |

### TEMPORARY RESTRAINING ORDER

On August 11, 2006, Plaintiff, Southeast LandCo, LLC, filed the above-captioned case against Defendant, 150 Beachview Holdings, LLC, alleging breach of a real estate contract. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

According to the complaint, on February 27, 2006, Defendant purchased a note and security deed from SunTrust Bank, relating to certain real property located at 150 Beachview Drive, Jekyll Island, Georgia. The debtor on the note, William W. Forehand, defaulted on his payment obligations

AO 72A
(Rev. 8/82)

thereunder. Thereafter, Defendant published notice of a foreclosure sale, to be held at the Glynn County Courthouse on August 1, 2006, at 10:00 A.M.

Plaintiff's attorneys, Keith Sebade, Charles Byrd, M. F. Martin, III, and J. T. Johnson, went to the Courthouse before 10:00 A.M. on the appointed day to bid at the auction. Plaintiff alleges that Defendant's representatives, Rick Patton and Michael Shaw, did not announce any "ground rules," nor the terms of payment, prior to beginning the auction. Defendant's attorney, Shaw, began the auction at 10:39 A.M. Plaintiff and Defendant placed alternating bids, and Plaintiff was the final bidder at a price of 3.9 million dollars.

Shaw then filled out a form listing the details of the sale, with input from Sebade. Shaw told Martin that Defendant wanted payment by means of a bank certified check. Shaw agreed to come to the law offices of Martin and Johnson, located two or three blocks away, in a few minutes to pick up the check. One of the tenants of the property gave Sebade keys to the property at this time.

After Martin and Johnson left to secure payment, Shaw told Byrd that he had been instructed to re-auction the property because Plaintiff did not have cash tender immediately

AO 72A
(Rev. 8/82)

available at the close of the auction. Shaw then stated that Martin and Johnson had ten minutes to get back to the Courthouse with the funds, or the property would be re-auctioned.

Thereafter, Shaw began the auction again, but Byrd refused to participate because he contended that the re-auctioning of the property was in breach of the parties' contract. Defendant made the only bid, at 3 million dollars, during the second auction. As the second auction ended, Martin and Johnson drove up with the certified check. Byrd told Shaw that the funds were on the courthouse premises. Sebade then ran after Patton and Shaw with the certified check, but Patton and Shaw ran for their automobile, and fled from the premises.

Consequently, Southeast LandCo seeks a temporary restraining order to bar Defendant from selling the property or otherwise interfering with its ownership rights to the property. On August 11, 2006, Plaintiff's attorney called Shaw to inform him of this lawsuit, and the emergency relief sought. Earlier today, on August 14, 2006, the Clerk notified Defendant's attorney of this restraining order by telephone.

The Court finds that Plaintiff faces immediate, irreparable harm if Defendant conveys its interest in the

AO 72A
(Rev. 8/82)

property before the Court is able to issue an order on Plaintiff's preliminary injunction motion. Given the allegations of the complaint, the Court finds that there is a serious risk of such an action taking place.

**WHEREFORE**, it is hereby ordered as follows: Defendant, its agents, attorneys, and all persons acting in concert and in combination with it, having actual notice of this injunction, by personal service or otherwise, are **TEMPORARILY RESTRAINED** from selling or otherwise encumbering the aforementioned property.

The Court shall hold an evidentiary hearing on Plaintiff's preliminary injunction motion on Friday, August 18, 2006, at 10:00 A.M. In accordance with Rule 65 of the Federal Rules of Civil Procedure, this temporary restraining order shall expire within ten days of the date of this Order. This temporary restraining order shall become effective upon the filing of a good and sufficient bond by Plaintiff approved by the Clerk in the amount of $100,000, to abide final judgment in this case.

**SO ORDERED**, this ___14th___ day of August, 2006, at __2:30__ __P.M.__ o'clock _____ M.

_____
JUDGE, UNITED STATES DISTRICT COURT

AO 72A
(Rev. 8/82)